## C. A. ARBUTHNOT V. THE STATE.

### No. 4134. Decided June 19, 1909.

**1.—Local Option—Non-Intoxicant.**

Where upon trial for a violation of the local option law the evidence showed that the defendant sold tincture of ginger, which is principally used for stomach trouble, and could not practically have been used as a beverage; and the court correctly defined intoxicating liquor in the abstract, but did not apply the same to the facts, there was reversible error in not submitting a requested charge that if the liquor sold was a medicinal preparation, and not an intoxicating liquor when drunk in such quantities as could practicably be drank, to acquit the defendant. Following Pierce v. State, 48 Texas Crim. Rep., 352.

**2.—Same—Charge of Court—United States Dispensary—Formula.**

A formula found in the United States dispensary to prepare a certain compound, would not per se make it a non-intoxicant liquor; nor would the fact that the distinctive character and the effects of intoxicating liquor when gone render it any the less an intoxicating liquor.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*L. W. Sandusky,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was running a drugstore, and in the course of his business he sold a bottle of tincture of ginger to

the prosecuting witness Stoneham. The prosecuting witness testified that he only took a swallow of said tincture, and that in his opinion same was intoxicating, although he did not take more on account of the burning effect of the ginger contained in the preparation.

. Appellant tendered the court the following special charge, which was refused: "Gentlemen of the jury, you are charged as a part of the law in this case, if you find from the evidence that the liquor sold is a medicinal preparation, and not an intoxicating liquor, when drunk in such quantities as could be practically drunk, you will find the defendant not guilty." The court in his charge to the jury submitted the following: "Intoxicating liquor is a liquor intended for use as a beverage or capable of being so used, which contains alcohol either obtained by fermentation or by additional process of distillation in such a proportion that it will produce intoxication when taken in such quantities as may practically be drunk." This charge of the court has been repeatedly approved by decisions of this court, but there is no affirmative presentation of this phase of the law in the charge to the jury, and appellant's special charge covers the matter as will appear from an inspection of the case of Pearce v. State, 48 Texas Crim. Rep., 352, 13 Texas Ct. Rep., 727. The evidence shows that the tincture of ginger was a medicine used principally for colic and forms of stomach trouble, and a physician testified that it could hardly be used as a beverage, and if a party drank enough to become intoxicated, his stomach would be in such a condition that he would not want any more soon. This being the evidence, the court should have given appellant's special charge.

Appellant also asked the court to charge the jury as follows: "Gentlemen of the jury, you are charged as a part of the law in this case, if you find from the evidence that the liquor sold was popularly known as a medicine, recognized as such, and the formula of its preparation prescribed in the United States Dispensary, or like standard authority, and not among the liquors ordinarily used as intoxicating beverages, it is not an intoxicating liquor. And if you find that the preparation be such as that the distinctive character and effects of intoxicating liquors are gone and its use as a beverage is rendered undesirable by reason of other ingredients, and the liquor is used merely as a vehicle for the preserving of the other ingredients, or to extract their virtues and hold them in solution, although it produce intoxication, the article will not be in prohibition of the statutes, and you will find the defendant not guilty." The Pearce case, supra, seems to suggest that this would probably be a correct charge, but a careful reading of said decision will show that it was not intended to lay down such a proposition. Clearly, the sheer fact that a formula to prepare a certain compound be found in the United States Dispensary or like standard authority would not per se make it a nonintoxicating liquor, nor would the fact, as we understand the decisions of this court, that the distinctive char-

acter and effects of intoxicating liquors are gone, render it any the less an intoxicating liquor when drank in such quantities as may be practically taken into the human stomach. So it follows that the court did not err in giving this charge. But for the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*